UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| BRUCE F. BRADLEY and<br>SHARON B. BRADLEY,<br><br>            Plaintiffs,<br><br>      v.<br><br>JEFFREY KRYVICKY,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)         Civil No. 07-109-B-S<br>)<br>)<br>)<br>) |

**ORDER ON MOTION FOR ATTACHMENT**

Bruce and Sharon Bradley, of Washington, DC, commenced this action against Jeffrey Kryvicky, of Florida. Mr. Kryvicky sold the Bradleys residential real estate located in Seal Harbor. The Bradleys allege that Mr. Kryvicky misrepresented the nature and extent of a problem involving leaky windows. Now before the Court is the Bradleys' motion for a writ of attachment against certain Maine real estate owned by Mr. Kryvicky. The motion for attachment is denied for the reasons that follow.

**Background**

The residence, built in 1988 and dubbed "Serenity" by Mr. Kryvicky, is situated on an exposed location in Seal Harbor with views of the Atlantic Ocean. The residence contains 125 windows. The large number of windows is due to the fact that, in some locations, such as in the living room, multiple windows are grouped so that they cover the majority of an external wall. The combination of an exposed site, more than one hundred windows, and, according to the plaintiffs' expert, structural inadequacies in the framing around certain window arrays,[1] cause the windows to flex under a wind load, which results in, of all things, water infiltration during

---

[1] See Report of Glazing Consultants International, Inc., §§ 3.6—3.7. (Doc. No. 3-11.)

stormy weather.  These problems have existed for many years.  The builder of the residence and his crew have been working to remediate water infiltration problems since 1990, applying silicone sealants and replacing glazing strips in problem locations.  In 1998, certain windows were replaced altogether in a deal with the window manufacturer.  The manufacturer provided a steep discount on replacement windows in exchange for a release.

In 2004 Mr. Kryvicky listed the property for sale.  In his property disclosure, Mr. Kryvicky indicated the following in a section captioned "KNOWN MATERIAL DEFECTS about Physical Condition of Property:"

> [I]n severe storms there are window leaks which are random depending on direction of storms.  Must maintain which is common on ocean exposed homes.

The Bradleys retained their own building inspector in connection with the sale.  During the parties' negotiations, it was agreed that Mr. Kryvicky would complete certain re-glazing work on specified windows and that understanding was memorialized in an addendum to the purchase and sale agreement.  (Doc. No. 3-4, p. 12.)  Although the addendum does not so state, Mr. Bradley attests that he was assured by Mr. Kryvicky that the repairs would solve the problems with the home's windows.  Mr. Kryvicky utilized a contractor for these repairs other than the builder who had for so long attempted to remediate the problems.  The parties' purchase and sale agreement includes the following provision concerning prior statements:

> 19.  PRIOR STATEMENTS.  Any representations, statements and agreements are not valid unless contained herein.  This Agreement completely expresses the obligations of the parties.

(Doc. No. 3-4, ¶ 19.)  After the closing, the Bradleys observed what Mr. Bradley describes as "substantial leaking from the windows" during a heavy rain storm.  When Mr. Kryvicky was not responsive to the Bradleys' post-sale request that he accept responsibility for the problem, the

Bradleys contacted the builder[2] of the home and learned that the problem with the windows was a long-standing problem, that certain windows had been replaced and that the manufacturer had been released from any liability for the problem.

According to the report of the plaintiffs' litigation expert, evidence of water infiltration is readily apparent upon inspection of the home and includes water stains in numerous locations and other forms of damage.  (Report of Glazing Consultants International, Inc., "CGI Report," §§ 3.2, 4.0, 4.1, Doc. No. 3-11.)

The Bradleys press two claims in their complaint:  intentional misrepresentation and negligent misrepresentation.  They do not assert a claim for breach of contract.  The claim is that certain of the windows in the residence must be removed and replaced and this claim is supported by the report of the litigation expert and also by a proposal submitted by the original builder.

## Discussion

When considering an application for a writ of attachment, a federal court should consider "the law of the state in which the district court is held," unless federal or constitutional law dictates otherwise.  Fed. R. Civ. P. 64.  Pursuant to the Maine Rules of Civil Procedure, an order attaching a defendant's property "may be entered only after notice to the defendant and hearing[3] and upon a finding by the court that it is more likely than not that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment . . . ."  Me. R. Civ. P. 4A(c).  "Motions for attachment must be supported by

---

[2]   The brochure that advertised the "Serenity" property disclosed the name of the builder.
[3]   The Law Court does not require that lower state courts conduct hearings on attachment motions when the defendant has had an opportunity to oppose the motion in writing, as the defendants herein have.  Southern Me. Props. Co. v. Johnson, 1999 ME 37, ¶ 8, 724 A.2d 1255, 1257.

3

affidavit evidence that 'shall set forth specific facts sufficient to warrant the required findings.' Me. R. Civ. P. 4A(c), (i).

In Maine, there is no general duty on a homeowner to disclose defects in a home in connection with a real estate sale absent a special relationship between the seller and buyer. Stevens v. Bouchard, 532 A.2d 1028, 1030 (Me. 1987). In order to succeed with either the intentional misrepresentation claim or the negligent misrepresentation claim, the Bradleys must demonstrate, among other things, that Mr. Kryvicky made a false statement of material fact. Diversified Foods, Inc. v. First Nat'l Bank, 605 A.2d 609, 615 (Me. 1992). In this case, it is undisputed that Mr. Kryvicky disclosed the occurrence of window leaks during heavy storms and that maintenance would be needed. The Bradleys now complain of windows leaking during heavy storms. Although Mr. Kryvicky did not disclose the entire history of the problem, Maine tort law does not impose a general duty of disclosure on homeowner-sellers like Mr. Kryvicky. Stevens, 532 A.2d at 1030. Particularly in the context of an intentional misrepresentation claim, where the burden of proof is heightened to the clear and convincing standard, Mr. Kryvicky's disclosure of leaking windows will make it difficult to prove not only a knowing or reckless falsehood on his part, but also justifiable reliance on the part of the Bradleys. See Rand v. Bath Iron Works Corp., 832 A.2d 771, 773, 2003 ME 122, ¶ 9 (outlining the elements of a claim of "fraud"). A similar difficulty applies to the negligent misrepresentation claim. Although the burden of proof is only by a preponderance of the evidence, Mr. Kryvicky's rather broad written disclosure makes a showing of falsity and justifiable reliance somewhat difficult to envision. See id. at 774, ¶ 13 (outlining the elements of the negligent misrepresentation claim). Additionally, insofar as the negligent misrepresentation claim is directed to the generalized duty to exercise due care, it is a subtle matter to impose liability for an actual, albeit non-

comprehensive, disclosure when the law does not recognize a general duty to disclose. This is doubly so in regard to a claim of concealment. On top of these obstacles to the requested attachment, there exists some persuasive precedent to the effect that, where parties have assigned their respective responsibilities by contract, such as these parties did with their addendum concerning window repairs and possibly also with the Bradleys' agreement to conduct an independent inspection, courts should not intrude upon the contract relationship with tort doctrines except in circumstances of fraud. See, e.g., Sound Techniques, Inc. v. Hoffman, 737 N.E. 2d 920, 925-926 (Mass. App. 2000). Here, based on the disclosure that was made, the parties arranged for certain window repairs to be conducted by Mr. Kryvicky and Mr. Kryvicky engaged a contractor to perform the repairs. In other words, the issue was disclosed, negotiated and incorporated into the parties' contract. The "more likely than not" standard for an attachment is elusive on this kind of record based on the various potential legal impediments discussed above.

      The Bradleys attempt to bolster their case based on the assertion that Mr. Kryvicky gave assurances about the repair of the windows. Mr. Kryvicky does not deny that he gave such assurances. Given the longstanding problems Mr. Kryvicky experienced with these windows, the alleged assurances are troubling. Nevertheless, the legal implication are, again, uncertain. A representation concerning future performance of a contractual undertaking does not ordinarily rise to the level of a false statement of fact.[4] See Wildes v. Pens Unlimited Co., 389 A.2d 837, 840 (Me. 1978) (discussing a limited exception to the rule that actionable misrepresentations should concern past or existing facts, rather than broken promises). These legal nuances frustrate a finding that the Bradleys are more likely than not to succeed in this litigation.

---

[4] There is a material difference between a failure to disclose and active concealment, and it is not a straight-forward matter to anticipate the likelihood of a favorable verdict on these facts, even when Mr. Kryvicky's alleged assurances are factored in.

## Conclusion

For the reasons outlined above, the motion for writ of attachment is DENIED.

## **CERTIFICATE**

Any objections to this Order shall be filed in accordance with Fed.R.Civ. P. 72.

*So Ordered.*

September 13, 2007                         /s/ Margaret J. Kravchuk
                                           U.S. Magistrate Judge