UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BRUCE F. BRADLEY and | ) | |
| SHARON B. BRADLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Docket No. 07-cv-109-GZS |
| v. | ) | |
| | ) | |
| JEFFREY KRYVICKY, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFFS' MOTION TO EXCLUDE EXPERT TESTIMONY**

Before the Court is Plaintiffs' Motion to Exclude Expert Testimony (Docket # 35), in which Plaintiffs move to exclude the proposed testimony of Defendant's expert witness Victor Mercer.  Specifically, Plaintiffs contend that the proposed testimony (1) derives from a site inspection conducted pursuant to confidential settlement negotiations, and is therefore inadmissible under Federal Rule of Evidence 408, and (2) fails to meet the requirements of Federal Rule of Evidence 702.  As explained herein, the Court GRANTS IN PART AND DENIES IN PART the Motion to Exclude Expert Testimony (Docket # 35) without prejudice to Plaintiffs renewing their objections at trial.

**I.      EXCLUSION UNDER RULE 408**

Rule 408 plainly forbids admission of "conduct or statements made in compromise negotiations" when "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount." Fed. R. Evid. 408(a)(2), (a); see also Fiberglass Insulators, Inc. v. Dupuy, 856 F.2d 652, 653 (4th Cir. 1988) (affirming district court's exclusion of "statements made by attorneys in the course of settling prior related

litigation between the same parties" under Rule 408).  In the Court's view, Mr. Mercer's proposed testimony contains several such statements.[1]  Thus, to the extent Plaintiffs seek exclusion of any statements made during the site inspection on August 14, 2006, the Motion to Exclude Expert Testimony (Docket # 35) is hereby GRANTED IN PART and Mr. Mercer is hereby EXCLUDED from testifying about any of these August 14, 2006 statements.  To the extent Plaintiffs seek exclusion of independent testimony that does not transmit "conduct or statements made in compromise negotiations," the Motion is hereby DENIED IN PART without prejudice to Plaintiffs renewing their objections at trial.[2]

## II.        EXCLUSION UNDER RULE 702

### A.        Legal Standard

Plaintiffs also contend that Mr. Mercer's testimony does not meet the requirements of Rule 702, as interpreted by the Supreme Court in <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993) and <u>Kumho Tire Co., Ltd. v. Carmichael</u>, 526 U.S. 137 (1999).

Rule 702 "imposes a gate-keeping function on the trial judge to ensure that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." <u>United States v. Mooney</u>, 315 F.3d 54, 62 (1st Cir. 2002) (citation and internal punctuation omitted); <u>see also</u> <u>Correa v. Cruisers, a Div. of KCS Intern., Inc.</u>, 298 F.3d

---

[1] Upon initial review, the Court notes that Mr. Mercer's report contains ostensible direct quotations, as well as several other representations that indirectly transmit the parties' "conduct or statements."  (<u>See, e.g.</u>, Ex. 1 to Pls.' Mot. to Exclude (Docket # 35-2) at 7 ("I would guess there are fifty plus windows in the home and I was directed to look at only four."), 8 ("During our visit, Mr. Bradley said, 'the windows were not included in the pre-purchase inspection as he had been told by the Realtor not to include them as they would be repaired.'").)

[2] For example, Mr. Mercer may testify as to anything he observed during the site inspections, including but not limited to the condition of the windows in the residence.

13, 24-25 (1st Cir. 2002) (the Court must "ensure that three requirements are met before admitting expert testimony: (1) the expert is qualified to testify by knowledge, skill, experience, training, or education; (2) the testimony concerns scientific, technical, or other specialized knowledge; and (3) the testimony is such that it will assist the trier of fact in understanding or determining a fact in issue.").  Consequently, the Court will not accept "opinion evidence which is connected to existing data only by the *ipse dixit* of the expert."  Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co., 161 F.3d 77, 81 (1st Cir. 1998) (citing General Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997)).  However, as the First Circuit has observed:

> Daubert does not require that a party who proffers expert testimony carry the burden of proving to the judge that the expert's assessment of the situation is correct. . . .  It demands only that the proponent of the evidence show that the expert's conclusion has been arrived at in a scientifically sound and methodologically reliable fashion.

Id. at 85.

The issue of whether any given expert's opinion possesses a sufficient factual basis is typically best resolved by "the adversary process" of "competing expert testimony and active cross-examination."  Id.  "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  Daubert, 509 U.S. at 596.  Therefore, the Court will exclude expert testimony only if it appears to be so fundamentally unsupported that it can offer no assistance to the factfinder.

### B.  Mercer Testimony

Defendant offers Mr. Mercer as an expert in the construction industry, in which he has more than 37 years of experience as a builder and contractor.  (See Def.'s Opp'n to Pls.' Mot. (Docket # 40) at 5.)  Mr. Mercer's testimony speaks to the issue of whether

Defendant should reasonably have been aware of an underlying problem with the windows in his former residence.  (See id. at 6.)  This testimony is predicated on Mr. Mercer's direct observation of the windows during two site inspections, as well as his review of various discovery documents, pleadings, photographs, inspection reports, expert reports, and extensive experience in the construction industry.  (See Ex. 1 to Pls.' Mot. to Exclude (Docket # 35-2) at 1.)  Plaintiffs object to the proposed testimony on the grounds that Mr. Mercer lacks the necessary expertise and factual information to assess the condition of the windows and Defendant's awareness thereof.

In short, the Court is satisfied that the proposed testimony is both relevant and reliable, and that Mr. Mercer is qualified, based on his experience and direct observation of the relevant windows, to offer such testimony.  Plaintiffs' concerns go to the credibility and weight of Mr. Mercer's testimony, and are therefore best resolved via "the adversary process" at trial.  Ruiz-Troche, 161 F.3d at 85.  Thus, the Court will not exclude Mr. Mercer from testifying at trial pursuant to Rule 702.  This pretrial ruling is made without prejudice to Plaintiffs renewing their objections at trial.

## III.    CONCLUSION

Accordingly, the Court GRANTS IN PART AND DENIES IN PART Plaintiffs' Motion to Exclude Expert Testimony (Docket # 35).  To the extent the Court has denied the Motion, the denial is WITHOUT PREJUDICE to Plaintiffs renewing these objections at trial.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 19th day of September, 2008.